UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                                          No. 01-4042

DANIEL ZAVALA-RIBERA,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-99-205)

Submitted: August 20, 2001

Decided: September 11, 2001

Before MOTZ and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

### COUNSEL

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant. Harry Thomas Church, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Pursuant to a plea agreement, Daniel Zavala-Ribera pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine and methamphetamine, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2001). Zavala-Ribera's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. Advised of his right to file a pro se supplemental brief, Zavala-Ribera has elected not to do so.

Zavala-Ribera signed a written plea agreement in which he agreed to waive the right to appeal his conviction or sentence, except for claims of ineffective assistance of counsel or prosecutorial misconduct. A waiver of appeal provision in a valid plea agreement is enforceable if it results from a knowing and intelligent decision to forego an appeal. *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994); *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). A waiver is ineffective if the district court fails to question the defendant about it, *United States v. Wessells*, 936 F.2d 165, 167-68 (4th Cir. 1991), unless other evidence in the record shows that the waiver was informed and voluntary. *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992). We review de novo the validity of a waiver. *United States v. Brown*, 232 F.3d 399, 402-03 (4th Cir. 2000).

Here, Zavala-Ribera signed the plea agreement, agreeing to waive the right to challenge the conviction or sentence with the stated exceptions. The government summarized the plea agreement at the Fed. R. Crim. P. 11 hearing. In response to the magistrate judge's inquiry, Zavala-Ribera agreed that the right to appeal his conviction and sentence was expressly waived in the plea agreement. He did not express dissatisfaction with counsel's services, except to the extent that he was unhappy with the law in general. He also stated that he understood the Rule 11 proceeding. On this record, we find that Zavala-Ribera's waiver was knowingly and intelligently made.

We have examined the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal.

We therefore dismiss the appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*